PER CURIAM.
Petitioner S.P.M. asks this Court to review the recommendations of the Florida Board of Bar Examiners. We have jurisdiction. See art. V, § 15, Fla. Const.
On February 8, 2000, S.P.M. executed an application for admission to The Florida Bar. The Board’s background investigation revealed certain matters concerning S.P.M.’s character and fitness. On September 19, 2001, formal specifications were served upon S.P.M.
Specification 1 alleged that S.P.M. had engaged in the following illegal or improper conduct. In 1995, he sold fourteen grams of marijuana to an undercover officer, was arrested, and pled guilty to sale of cannabis; adjudication was withheld, and he was placed on six months’ probation and required to perform 100 hours of community service. In 1993, he was involved in an automobile accident, after which police officers found a marijuana pipe in the car; he pled no contest to possession of drug paraphernalia, was adjudicated guilty, and was ordered to pay a $250 fine. In 1991, he was arrested and charged with possession of cocaine and possession of cannabis; he pled guilty to possession of drug paraphernalia and possession of less than twenty grams of cannabis; adjudication was withheld, and he was ordered to pay a $250 fine and perform 100 hours of community service. Also in 1991, he struck a person with his car and was charged with aggravated battery; he pled no contest, adjudication was withheld, and he was placed in a community control program and was ordered to pay a $250 fine and perform 100 hours of community service. He illegally possessed and used marijuana through 1999 or 2000, and he continued to use marijuana while a law student. In his answer to the specifications, S.P.M. admitted all of these allegations.
Specification 2 alleged that S.P.M. failed to disclose required information and provided answers which were false, misleading, or lacking in candor on his application for admission to The Florida Bar as follows. He failed to disclose the 1991 charge of aggravated battery. His explanation of the 1995 marijuana charge was false, misleading, or lacking in candor. His explanation of the 1991 charge of possession of cocaine and possession of cannabis was false, misleading, or lacking in candor. He failed to timely amend his application to disclose that his employment as a substitute teacher had been terminated, and he did so knowingly in hopes of being admitted without having to reveal the termination. S.P.M. denied intentionally omitting required information or intentionally providing false or misleading explanations. S.P.M. admitted that he failed to timely amend his application with regard to the termination of his employment as a substitute teacher, but denied intentionally doing so in hopes of being admitted to the bar without having to reveal the termination.
Specification 3 alleged that S.P.M. wrote three letters, one to an admissions counsel- or and two to a dean at Florida Coastal School of Law, which contained false and misleading descriptions of the 1995 marijuana charge. S.P.M. admitted the allegations as to the letters sent to the dean, but claimed that the inaccuracies in the letter to the admissions counselor were inadvertent.
*696 Specification 4 alleged that on his application for admission to the Master of Laws Program at the University of Miami, S.P.M. provided an explanation of the 1995 marijuana charge which was false, misleading, or lacking in candor. S.P.M. admitted that his explanation was inaccurate but denied he intentionally provided false information.
Specification 5 alleged that on a Pinellas County Schools employee information form, S.P.M. provided responses regarding his 1993 and 1995 arrests which were false, misleading, or lacking in candor, and that as a result, he was terminated from his employment with the Pinellas County Schools on February 15, 2001. S.P.M. admitted that the responses were inaccurate but denied that the inaccuracies were intentional. S.P.M. admitted that he was terminated as a result of the inaccurate responses.
After a formal hearing, the Board found that all the specifications had been proven and adopted the specifications as its specific findings. The Board concluded that the proven allegations of Specification 2 were individually disqualifying for admission to The Florida Bar and that the remaining proven specifications were collectively disqualifying. Finally, the Board concluded that to the extent S.P.M. gave sworn testimony contradicting the Board’s findings, he lacked candor in testimony at both his investigative and formal hearings. Based on this conclusion and the proven false statements in his bar application, the Board recommended, pursuant to rule 3-23.6(d) of the Rules of the Supreme Court Relating to Admissions to the Bar, that S.P.M. be disqualified from reapplying for admission for three years.
S.P.M. first challenges the Board’s finding, as alleged in Specification 2, that he failed to timely disclose his termination from the Pinellas County Schools in hopes he would be admitted without having to reveal it. He contends that the evidence— his and his wife’s testimony at the final hearing — showed it was a coincidence that he notified the Board of his termination just after receiving a notice to appear for an investigative hearing, and that if he had truly wanted to conceal this information, he would never have disclosed it at all.
The Board’s findings of fact will be approved if they are supported by competent substantial evidence in the record. Fla. Bd. of Bar Exam’rs re R.L.W., 793 So.2d 918, 923 (Fla.2001). The Board correctly asserts that it did not have to believe S.P.M.’s version of events. Id. at 924. The Board heard the testimony presented by S.P.M., weighed its credibility, and rejected it. We defer to the Board’s judgment on this issue. Id. at 923-24.
In its Findings of Fact, Conclusions of Law, and Recommendation, the Board painstakingly recited the evidence supporting its finding that S.P.M. failed to timely amend his bar application in hopes that he would be admitted without having to reveal the termination of his employment with the Pinellas County Schools. That evidence is as follows. The application for admission to The Florida Bar specifically advises applicants that amendments, are timely if made within thirty days of any occurrence that would change an answer on the application. S.P.M. was terminated from his employment with the Pinellas County School system on February 15, 2001, yet he did not disclose this termination to the Board until April 20, 2001, one day after he received a notice to appear for an investigative hearing. On April 12, 2001, S.P.M. amended his bar application to disclose a speeding ticket received the day before, but he did not disclose the termination. In addition, on March 7, 2001, March 16, 2001, and April 6, 2001, S.P.M. wrote letters to the Board *697 imploring the Board to recommend his admission to The Florida Bar. Based on this circumstantial evidence, the Board was entitled to infer that S.P.M. was intentionally failing to disclose his termination in hopes that the Board would recommend his admission without him having to reveal the termination. See R.L.W., 793 So.2d at 924 (stating that the Board may find that facts are proven by circumstantial evidence where the inference of the fact preponderates over other inferences). Accordingly, we uphold the Board’s finding.
S.P.M. does not take issue with any of the Board’s other factual findings or with its recommendation that he not be admitted to the bar at this time. Accordingly, we approve the Board’s findings and recommendations in those respects. S.P.M. does, however, challenge the Board’s recommendation that he be disqualified from reapplying for admission for three years.
The Rules of the Supreme Court Relating to Admissions to the Bar provide for a standard two-year period following denial of admission during which an applicant may not reapply. See Fla. Bar Ad-miss. R. 2-13.5. However, rule 3 — 23.6(d) gives the Board the discretion to recommend an enhanced disqualification period in cases involving material misrepresentations in the application process. Here, the Board found that on four separate occasions S.P.M. was not candid in his application for admission. The Board stated that “[w]hile in most instances, the applicant would have us believe these inaccurate descriptions were inadvertent, the Board concludes that the applicant has purposely tried to provide misleading information.” The Board also expressed “concern! ] that the applicant still does not understand the importance of candor in the Bar admission process and in the legal profession,” due to his testimony before the Board. Finally, the Board specifically concluded that “to the extent the applicant gave sworn testimony contradicting the Board’s findings, ... the applicant has lacked candor in testimony before the Board at both his investigative hearing and his formal hearing in addition to the proven false statements in his Bar Application and Amendments thereto.”
S.P.M. argues that his lack of candor in the admissions process is not serious enough to warrant a three-year disqualification. We disagree. Any material omission or misrepresentation made in the application process for admission to The Florida Bar is a serious matter. On his bar application, S.P.M. intentionally failed to disclose required information and provided false and misleading information regarding his past criminal conduct. He continued this pattern of dishonesty in his investigative and final hearing testimony. Such a lack of candor by an applicant seeking admission to The Florida Bar is intolerable. S.P.M.’s conduct clearly falls within rule 3-23.6(d), and the Board was justified in recommending an enhanced disqualification period.
Accordingly, we approve the Board’s recommendation that S.P.M. be denied admission to The Florida Bar at this time. Further, in light of S.P.M.’s material misrepresentations in the bar admission process, we approve the Board’s recommendation that he be disqualified from reapplying for admission for three years.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.